IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Timothy J. Nitecki, | Case No. 3:09 CV 2545 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| CSX Transportation, Inc., | |
| Defendant. | |

**INTRODUCTION**

Plaintiff brought this negligence action pursuant to the Federal Employers' Liability Act ("FELA"), 42 U.S.C. § 56 *et seq.*, after suffering an injury to his left arm while repairing a railroad brake retarder at the Stanley Yard in Walbridge, Ohio. A jury found both parties negligent, attributing 60% of the fault to Plaintiff (Doc. No. 47-1). The jury awarded Plaintiff $75,000 for past wage loss, and $0 for pain and suffering (Doc. No. 47). A verdict was entered in favor of Plaintiff for $30,000 ($75,000 x 40%) (Doc. No. 48).

This matter is now before the Court on Plaintiff's Motion for New Trial (Doc. No. 49) pursuant to Federal Civil Rule 59(a). Defendant has opposed and Plaintiff has replied (Doc. Nos. 51–52). Plaintiff argues two grounds for a new trial: (1) the jury award of $0 for pain and suffering is against the manifest weight of the evidence; and (2) improperly allowing Plaintiff's supervisor, Larry Lewis, to offer his opinion as to the cause of the incident.

**DISCUSSION**

Under Civil Rule 59, "[a] new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." New trials have been granted where the verdict is against the weight of the evidence, the damages are excessive, the trial was otherwise not fair, there were substantial errors in the admission or rejection of evidence, the giving or refusal of instructions was in error, or misconduct of counsel. *Clark v. Esser*, 907 F. Supp. 1069, 1073 (E.D. Mich. 1995).

**Waiver**

As an initial matter, the Court addresses Defendant's argument that Plaintiff waived his right to seek a new trial by failing to raise the inconsistent jury verdict prior to discharging the jury. This argument is without merit. Plaintiff is **not** arguing an inconsistency between the jury's general verdict and answers to the verdict questions, but rather that the jury's verdict is inconsistent with the evidence presented at trial. *See Jewell v. Holzer Hosp. Foundation, Inc.*, 899 F.2d 1507, 1511 (6th Cir. 1990) (distinguishing claim of inconsistency between general and special verdict forms from insufficient evidence supporting jury award). There is no waiver here.

**Damages Award**

"[T]he remedy of a new trial for insufficient damages is only appropriate where the evidence indicates that the jury awarded damages in an amount 'substantially less than was unquestionably proven by plaintiff's uncontradicted and undisputed evidence.'" *Semper v. Santos,* 845 F.2d 1233, 1236 (3d Cir. 1988) (quoting *Taylor v. Bennett,* 323 F.2d 607, 609 (7th Cir. 1963)). Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn

2

different inferences or conclusions or because the judge feels that other results are more reasonable. *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000).

Here, the trial evidence established that Plaintiff suffered an injury to his left arm and underwent three surgeries, requiring time away from work. Plaintiff's evidence of pain and suffering rested solely on his own testimony. He explained that at the time of the incident, his arm hurt, but he attempted to continue working before going to the hospital (Doc. No. 53 at 31). When asked what his symptoms were in the months following the incident, Plaintiff claimed that "the whole thing just hurt," referring to the area on his left arm from his hand to his elbow (Doc. No. 53 at 32). He further described that "some days it would feel better and some days that it wouldn't. After that initial time it gradually did get to feeling better, but there was always at least a little bit" (Doc. No. 53 at 32). Plaintiff also testified he could not open jars or pick up certain items following his injury (Doc. No. 53 at 39), but identified no other limitations.

Based on this testimony, the Court cannot say the jury's finding of $0 for pain and suffering is against the manifest weight of the evidence. The proof of pain and suffering was minimal, at best, and the jury was free to disbelieve the extent of Plaintiff's claimed injury and limitations. Indeed, Plaintiff himself downplayed the injury, saying the pain was something he "learned to block [] out . . ." (Doc. No. 53 at 39).

Furthermore, Defendant challenged Plaintiff's assertions of pain and the time it took Plaintiff to recover from his injury (Doc. No. 53 at 58–62). Plaintiff's physician, Dr. Bruce Heck, testified that the usual period of recovery for an injury like this was six weeks (Doc. No. 33-1 at 45), not two years, allowing Defendant to argue Plaintiff was malingering. The jury clearly felt the injury was not as

significant as Plaintiff claimed, as reflected in the wage loss award which was less than Plaintiff requested.

The jury was in the best position to evaluate the credibility of Plaintiff's testimony of pain and suffering, and was under no obligation to believe it, even if undisputed. *Semper,* 845 F.2d at 1237. Plaintiff's case ultimately rested on whether the jury believed him, and his own subjective -- and largely uncorroborated -- claims of pain. *See Porterfield v. Burlington N., Inc.,* 534 F.2d 142, 147 (9th Cir. 1976) (upholding district court's denial of motion for new trial for inadequate award where jury verdict was based upon credibility of the plaintiff).

**Lewis Testimony**

Plaintiff next argues he is entitled to a new trial because the Court improperly allowed Larry Lewis to offer his opinion as to the alleged cause of the incident.

Larry Lewis, a signal manager for CSX, testified at trial regarding an investigation that he performed shortly after the incident. His duties at CSX included inspecting and repairing retarders, the equipment involved in this incident. He was Plaintiff's supervisor in January 2007 (Lewis Tr. at 3), and familiar with the operation of retarders, including the one in Stanley Yard which allegedly malfunctioned.

Defendant attempted to qualify Lewis as an expert at trial and Plaintiff's counsel challenged any expert testimony based on the witness' lack of higher education in mechanical engineering or specialized training with regard to retarders (Lewis Tr. at 6–8). The Court, after being advised of Lewis' proposed testimony, allowed limited lay opinions pursuant to Federal Evidence Rule 701. That Rule allows a lay witness to provide an opinion that is "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination

of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

At that point, Lewis testified about the training of his employees; available manuals for retarders; assistance, training and duties with regard to retarders; an explanation of how the retarder operates; and repairs and investigation of the retarder after this incident to determine how the incident happened. All the above testimony (Lewis Tr. at 9–20) was appropriate.

When defense counsel attempted to elicit opinion testimony from Lewis about the conclusions of Plaintiff's expert, the Court sustained Plaintiff counsel's objection (Lewis Tr. at 23–24). In other words, Lewis was not allowed to offer opinions on the "only possible cause of this accident," and his only testimony regarding Plaintiff's expert's opinion that the retarder malfunctioned was that "it did not make sense" (Lewis Tr. at 24). Plaintiff's counsel cross-examined Lewis on his view that the power was not turned off and this was the cause of the incident; Lewis did not determine who left the power on, whether Plaintiff or someone else (Lewis Tr. at 30–31).

Contrary to Plaintiff's assertion, Lewis did not provide an opinion based upon specialized knowledge, but upon his own post-accident investigation, experience, and observation. *See, e.g., United States v. Madison*, 226 F. App'x 535, 543–44 (6th Cir. 2007) (lay witness may testify, based upon review of financial records, as to whether appropriate funds were available to make a down payment); *Heritage Mut. Ins. Co. v. Reck*, 127 F. App'x 194, 199–200 (6th Cir. 2005) (affirming admission of lay testimony that automobile collision was preventable). Such testimony was both limited and appropriate.

5

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for New Trial (Doc. No. 49) is denied.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

                                            February 23, 2011